IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-10352

Summary Calendar

---

JIMMY ROY DAVIDSON

Plaintiff-Appellant,

versus

OSCAR STRAIN, ET AL.,

Defendants

RONALD D. DREWRY; J.V. YOUNG, Warden;
C.C. BELL, Assistant Warden;
C. RAINES, Assistant Warden,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Northern District of Texas
(1:95-CV-144)

---

November 21, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff Jimmy Roy Davidson, Texas Prisoner #612588, appeals the district court's dismissal of his claims against the warden and other officials of his state prison unit. Davidson's First Amended Complaint challenges the constitutionality of a disciplinary

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

hearing and subsequent imposition of thirty days cell restriction, thirty-two days property restriction, and thirty-two days commissary restriction. The court below dismissed Davidson's claims against Assistant Wardens C.C. Bell and C. Rains because there were no pleadings that they "in any capacity participated in any matter involving the disciplinary hearing." (Order dated Feb. 5, 1996). The court then dismissed defendants Drewry and Young because there were "no pleadings [that they] participated in any matter involving an excessive use of force or an assault on the Plaintiff." (Order dated March 12, 1996).[1] Finally, the court issued an Order to Issue Summons After Pretrial Hearing on March 12, 1996, ordering defendants Drewry and Strain to file responsive pleadings but dismissing Drewry in his individual capacity and Young in every capacity from the case. Davidson appeals these decisions of the district court.

Whether or not the district court correctly found lacking allegations that defendants C.C. Bell, C. Raines, Drewry and Young participated in the acts about which Davidson complains, plaintiff's complaints were correctly dismissed as frivolous because they lack arguable legal basis and fail to state a claim.

---

[1] Davidson's First Amendment Complaint makes no mention of excessive use of force or assault. The district court's confusion as to the facts in Davidson's complaint is understandable given the plethora of litigation this plaintiff currently has before the federal courts. As we review *de novo* a district court's dismissal for failure to state a claim, we reexamine the record for any possible claims against Drewry or Young.

*See* 28 U.S.C. § 1915(d); 42 U.S.C. § 1997e(c)(1); Fed.R.Civ.P. 12(b)(6). A prisoner's liberty interest is "generally limited to freedom from restraints which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 115 S.Ct. 2293, 2295 (1995). Davidson's cell, property and commissary restrictions cannot be said to impose a more atypical or significant hardship than that involved in *Sandin*. *Id.* Furthermore, Davidson does not allege that he has lost any good-conduct time as a result of this episode. His claims are simply not actionable under 42 U.S.C. § 1983. *Luken v. Scott*, 71 F.3d 192, 193-94 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1690 (1996).

Davidson is also not entitled to relief on grounds that these are state-law negligence claims sustainable under pendent jurisdiction over the *Ruiz*[2] consent decree. Such claims are barred by Eleventh Amendment immunity, which the state did not waive by agreeing to a consent decree in another case. *See Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986) (no waiver effected by the *Ruiz* consent decree); *Pennhurst State School & Hospital v.*

---

[2] *Ruiz v. Estelle*, 503 F. Supp. 1265 (1980), *aff'd in part, rev'd in part*, 679 F.2d 1115, *amended in part, vacated in part*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983).

*Halderman*, 465 us 89, 121 (1984) (no pendent jurisdiction over claims otherwise barred by Eleventh Amendment immunity).

The district court's March 12 order compelling Drewry and Strain to file responsive pleadings was not appealed by them is not final for the purposes of Rule 54. Fed.R.Civ.P. 54(b). We express no opinion as to whether Davidson's claims against Drewry (in his official capacity) and Strain are frivolous given the Supreme Court's *Sandin* framework.

AFFIRMED.